**FIRST BANK OF MARIETTA, Appellee,**

v.

**MASCRETE, INC.; ROSLOVIC & PARTNERS, INC., Appellant.**

[Cite as *First Bank of Marietta v. Mascrete, Inc.* (1998), 125 Ohio App.3d 257.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 95CA4.

Decided Jan. 8, 1998.

258

*Porter, Wright, Morris & Arthur* and *Brian L. Buzby*, for appellant.

*Emens, Kegler, Brown, Hill & Ritter* and *Gene W. Holliker*, for appellee.

HARSHA, Judge.

Roslovic & Partners, Inc. ("Roslovic") appeals from a judgment entered by the Washington County Court of Common Pleas, finding it in contempt of the court's garnishment order and entering judgment in favor of First Bank of Marietta against Roslovic in the amount of $20,000 with interest and costs. Roslovic also appeals from a judgment which denied its motions for a new trial and for relief from judgment. Roslovic raises the following errors:

"I. The court below erred in determining that Roslovic has funds or property that belonged to the judgment debtor and was in contempt of court for failing to properly respond to the order of garnishment.

"II. The court below erred in issuing a full civil judgment for damages pursuant to a motion for contempt filed under R.C. § 2716.21(E).

"III. The court below erred in denying Roslovic's motion for a new trial and for relief from the judgment.

"IV. The court below erred in granting a civil judgment for damages pursuant to a motion for contempt without notice and without a full opportunity for Roslovic to prepare and be heard, all of which violated Roslovic's right to due process of law."

On September 2, 1994, appellee, First Bank of Marietta ("First Bank"), obtained a judgment against defendant Mascrete, Inc. ("Mascrete") in the amount of $269,437. On the same day, the court issued an affidavit, order, and notice of garnishment to appellant, Roslovic. On September 6, 1994, Roslovic received the order of garnishment. On September 12, 1994, Roslovic filed its answer with the court, stating that it did not have any money, property, or credits under its control or in its possession that belonged to Mascrete. After receiving the garnishment order, Roslovic allegedly issued two checks dated September 9, 1994 and September 15, 1994, totaling $20,000 to the defendant, Mascrete.

Appellee filed a motion to hold appellant in contempt for the manner in which it responded to the garnishment order. An order was served on appellant to show cause why it should not be held in contempt of the court's garnishment order. The court then conducted a hearing where appellant and appellee were present and represented by counsel. Each side submitted documents to the court, but no witness testimony was presented at the hearing. At the conclusion of the hearing, the court entered judgment in favor of First Bank against Roslovic in the amount of $20,000 plus interest and costs. Appellant initially filed a motion for new trial pursuant to Civ.R. 59 and a motion for relief from judgment pursuant to Civ.R. 60 and then filed a notice of appeal. We held in *First Bank of Marietta v. Mascrete, Inc.* (Mar. 11, 1996), Washington App. No. 95CA4, unreported, 1996 WL 118268, that the motion for new trial did not toll the thirty-day deadline for filing an appeal because the contempt hearing was not a trial and, therefore, the appeal was untimely. The Supreme Court of Ohio reversed our judgment in *First Bank of Marietta v. Mascrete, Inc.* (1997), 79 Ohio St.3d 503, 684 N.E.2d 38, by holding that a contempt hearing is a trial for purposes of Civ.R. 59 and, therefore, the appeal was timely. The Supreme Court remanded the case to us for review on the merits of the trial court's finding of contempt and judgment for money damages.

I

In its first assignment of error, Roslovic argues that it was holding no funds or property that belonged to Mascrete. Accordingly, Roslovic contends that the trial court erred first by finding that Roslovic had funds or property belonging to the judgment debtor and then by finding Roslovic in contempt. We consider each of these arguments separately.

A

Appellant argues that the trial court erred by finding that Roslovic had funds or property belonging to Mascrete at the time Roslovic filed its answer to the garnishment order. On appellate review, when the trial court's determination rests upon factual findings, we reverse only if the finding is against the manifest weight of the evidence. See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273; *Fetters v. Emerine* (June 24, 1997), Ross App. No. 96CA2222, unreported, 1997 WL 360953. Findings supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. *Id.*

The contract between Mascrete and Roslovic provided that Roslovic could, at its option and without notice, pay claims for labor and material and charge those amounts to Mascrete. Appellant contends that when it received the notice of garnishment, it determined that Mascrete was entitled to $304,000 under the contract, but had been paid $308,000 and, therefore, Roslovic did not owe Mascrete any money.

Roslovic does not dispute that after receiving notice of the garnishment, it issued checks to Mascrete for an additional $20,000. Roslovic claims that it did not owe Mascrete this $20,000; rather, Roslovic justifies these payments by saying that it gave this money to Mascrete to pay its laborers only so the project could remain free of the laborers' liens.

In support of the contention that it did not owe Mascrete the $20,000, appellant argues that the test for the right to garnish a particular item is "whether or not the garnishee has funds or property in his possession, belonging to the debtor, for which the debtor could bring suit." *Bank One of Columbus v. Lake States Cartage, Inc.* (C.P.1985), 30 Ohio Misc.2d 22, 30 OBR 286, 506 N.E.2d 1234. Appellant then contends that Mascrete could not sue Roslovic to obtain the $20,000 because it had been overpaid for work performed to date.

R.C. 2716.21(B) directs a garnishee to "truly disclose the amount owed by him to the judgment debtor *whether due or not.*" (Emphasis added.) It also directs the garnishee to answer "all questions * * * regarding the amount of money, property, or *credits* * * * that are in his possession or *under his control.*"

(Emphasis added.) Furthermore, the "ability to sue on the debt" test of the *Bank One* case is not a universal test, and there are situations where the test is inappropriate. *Marquis v. New York Life Ins. Co.* (1952), 92 Ohio App. 389, 48 O.O. 354, 108 N.E.2d 227. See, also, *Goralsky v. Taylor* (1991), 59 Ohio St.3d 197, 571 N.E.2d 720 (in determining whether funds were owed by the garnishee to the judgment debtor, the court considered their legal relationship, not the ability to sue on the debt). In this case, Roslovic was to pay Mascrete for services rendered under the contract. The contractual provision that allowed Roslovic to elect to pay subcontractors or suppliers in the place of Mascrete does not necessarily negate the obligation of Roslovic to disclose any funds or credits that were owed to Mascrete under the contract, whether due or not.

■ We believe that there is some competent, credible evidence to support the trial court's finding that Roslovic failed to answer as required by R.C. 2716.21 when it responded to the court's order. Just several days after receiving the notice of garnishment, Roslovic sent $20,000 to Mascrete. The checks that were sent to Mascrete were made payable to Mascrete alone and contained no limitations on how the funds were to be used.[1] The trial court's finding that Roslovic had property or funds belonging to Mascrete was not against the manifest weight of the evidence.

## B

■ Next, we turn to whether the trial court erred by finding Roslovic in contempt. Contempt is a disregard of, or disobedience to, an order or command of judicial authority. *State v. Flinn* (1982), 7 Ohio App.3d 294, 7 OBR 377, 455 N.E.2d 691. We cannot reverse a finding of contempt by a trial court unless that court abused its discretion. *State ex rel. Ventrone v. Birkel* (1981), 65 Ohio St.2d 10, 19 O.O.3d 191, 417 N.E.2d 1249. An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. *State v. Lessin* (1993), 67 Ohio St.3d 487, 620 N.E.2d 72; *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 616 N.E.2d 218. When applying the abuse of discretion standard of review, we are not free merely to substitute our judgment for that of the trial court. *In re Jane Doe 1* (1991), 57

---

1. In its brief, Roslovic argues that because the checks were copies, not originals, and that the checks were provided by Roslovic, the evidence cannot support appellee's position. We find no merit in the argument that evidence cannot be used against the party that provided it. Furthermore, appellant did not object to the admission of copies of the checks instead of the original checks and, as such, has waived this objection. See Evid.R. 103. See, also, Evid.R. 1004(3), originals in possession of opponent. Finally, see Evid.R. 1003, admissibility of duplicates, where there is no genuine question raised as to authenticity.

Ohio St.3d 135, 566 N.E.2d 1181, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301.

R.C. 2716.21(E) provides:

"If a garnishee fails to answer as required by this section, answers but fails to answer satisfactorily, or fails to comply with a proper order of a court in connection with a garnishment under this chapter, the court may proceed against the garnishee for contempt."

We cannot say that the trial court acted arbitrarily when it determined that Roslovic was in contempt. We have already found that the trial court did not err when it determined that Roslovic had funds or property that were owed to Mascrete at the time Roslovic filed its answer. R.C. 2716.21(B) required Roslovic to truly disclose the amount it owed to Mascrete, regardless of whether it was due. It was not arbitrary, unreasonable, or unconscionable for the trial court to hold Roslovic in contempt, since Roslovic had not answered as required by R.C. 2716.21. Accordingly, we find that the trial court did not abuse its discretion in holding Roslovic in contempt, and we overrule appellant's first assignment of error.

## II

In its second assignment of error, the appellant argues that the trial court erred in issuing a full civil judgment for damages pursuant to a motion for contempt. Appellant contends that there is no basis in R.C. 2716.21(E) for a civil judgment. In essence, the appellant argues that R.C. 2716.21(E) and (F) do not provide for the same remedy. That is, while the court may hold the garnishee in contempt pursuant to R.C. 2716.21(E), the court can award damages only in a civil action pursuant to R.C. 2716.21(F).

R.C. 2716.21(F) provides:

"If a garnishee fails to answer as required by this section, answers and his disclosure is not satisfactory to the judgment creditor, or fails to comply with the order of the court to pay the money owed or deliver the property into court or give the bond authorized under division (B) of this section, the judgment creditor may proceed against the garnishee by civil action. Thereupon, such proceedings may be had as in other civil actions. Judgment may be rendered in favor of the judgment debtor in the garnishee's possession, and for the costs of the proceedings against the garnishee."

In support of its argument, appellant directs us to *Emerald City Jewelers, Inc. v. Jones* (Apr. 30, 1992), Cuyahoga App. No. 62635, unreported, 1992 WL 90746, which states:

"The garnishee is only a party to a garnishment for the limited purpose of defending a contempt charge under R.C. 2716.21(E). *Januzzi* [*v. Hickman* (1991), 61 Ohio St.3d 40] at 44–45 [572 N.E.2d 642 at 645–646]. A judgment for a judgment creditor against the garnishee for the amount of money owed the judgment debtor by the garnishee is limited to a civil action under R.C. 2716.21(F)."

Appellant makes much of the fact that Roslovic was not a party to the judgment, but neither a contempt finding nor R.C. 2716.21(E) requires Roslovic to be a party. Regardless of whether Roslovic was a party, the court ordered Roslovic to answer the garnishment order. R.C. 2716.21(E) provides that if a garnishee fails to answer the garnishment order properly or fails to comply with the garnishment order, the court may proceed against the garnishee in contempt. See *Cherry v. DeLeon* (1996), 111 Ohio App.3d 747, 676 N.E.2d 1277; *Arthur Young & Co. v. Kelly* (1990), 68 Ohio App.3d 287, 588 N.E.2d 233.

The General Assembly may prescribe procedures for judicial determination of indirect contempt, but the power to punish for contempt is inherent in the courts. *Cincinnati v. Cincinnati Dist. Council 51* (1973), 35 Ohio St.2d 197, 64 O.O.2d 129, 299 N.E.2d 686; *Emerald City; Call v. G.M. Sader Excavating & Paving, Inc.* (1980), 68 Ohio App.2d 41, 22 O.O.3d 36, 426 N.E.2d 798. Because contempt is an inherent power of the trial court, a separate co-equal branch of government that was established by Section 1, Article IV of the Ohio Constitution, that power is not subject to legislative control. *Cincinnati* at 207, 64 O.O.2d at 135, 299 N.E.2d at 694. Compensation of the injured party has been a traditional function of civil contempt.[2] *Id.* at 206, 64 O.O.2d at 134–135, 299 N.E.2d at 693–694. Therefore, judicial sanctions in civil contempt proceedings may be employed to compensate the complainant for losses sustained where it can be proven that the damages were a direct result of the contempt. *Id.; RLM Industries, Inc. v. Indep. Holding Co.* (1992), 83 Ohio App.3d 373, 614 N.E.2d 1133.

The Supreme Court has indicated that some type of damages may be awarded under *either* R.C. 2716.21(E) *or* 2716.21(F). *Januzzi, supra.* In *Januzzi*, the court stated, "the garnishee's liability remains to be finally determined in either the contempt proceeding or the separate civil action provided by statute." *Id.*, 61 Ohio St.3d at 44, 572 N.E.2d at 645.

---

2. Contempt may be classified as direct or indirect. Direct contempt occurs in the presence of the court in its judicial function. R.C. 2705.01. Indirect contempt occurs outside the presence of the court and shows a lack of respect for the court or its lawful orders. *State v. Drake* (1991), 73 Ohio App.3d 640, 598 N.E.2d 115. It may include the disobedience of a lawful writ, order, or command of a court. R.C. 2705.02. Roslovic's contempt occurred outside the presence of the court and was, therefore, indirect contempt.

Appellant cites *RLM Industries, supra,* for the proposition that a trial court may not impose civil liability against a garnishee through a contempt proceeding. In *RLM Industries,* the garnishee was an attorney who arranged a public sale of assets for a judgment debtor. The debtor's assets and proceeds were subject to a security interest held by a bank. At the bank's request, the assets were sold. Prior to paying the assets to the bank, the attorney received a garnishment order. However, he responded that he did not have any proceeds or assets of the debtor and then delivered the proceeds of the sale to the bank. The trial court found the attorney in contempt, but refused to grant a judgment in the amount of the transferred proceeds. While upholding the trial court's refusal to award a judgment for the entire amount of the proceeds, the *RLM Industries* court did acknowledge that damages may be awarded in contempt when they are a direct result of the contempt. *RLM Industries,* 83 Ohio App.3d at 377, 614 N.E.2d at 1135–1136, citing *Cincinnati, supra.* The appellate court upheld the trial court's decision not to award damages in the amount of the transferred proceeds because they had not been proven to occur as a direct result of the contempt, *i.e.,* the bank's perfected security interest exceeded the amount of proceeds so junior lienholders had no claim to any of the proceeds. Such is not the case here.

■■ We do not think that the remedies provided for in R.C. 2716.21(E) and (F) are necessarily mutually exclusive. The plain language of R.C. 2716.21(E) allows the court to proceed against a garnishee who fails to answer an order of garnishment in the manner required by R.C. 2716.21. Inherent in a court's power to find a person in contempt is the authority to compensate a party that has been injured by the contempt. *Cincinnati; Olmsted Twp. v. Riolo* (1988), 49 Ohio App.3d 114, 550 N.E.2d 507. The trial court has the inherent power to punish Roslovic for contempt and, in so doing, compensate First Bank for injuries it suffered as a direct result of Roslovic's contempt. *RLM Industries, supra.* Here, the trial court had the authority to award the $20,000 judgment to First Bank, either by R.C. 2716.21(E) or by the authority inherent in the court. We overrule appellant's second assignment of error.

We need not rule that R.C. 2716.21(E) is a substitute for a civil action pursuant to R.C. 2716.21(F), as the appellant argues we must, in order to uphold the damage award. Rather, we simply hold that the court did not abuse its discretion in finding Roslovic in contempt and has the authority to award damages to parties injured as a direct result of contempt. Should a court exercise its discretion and choose not to award damages in the contempt proceeding, R.C. 2716.21(F) provides an alternate remedy.

### III

In its third assignment of error, Roslovic argues that the trial court erred by denying its motion for a new trial and motion for relief from judgment. In its

fourth assignment of error, Roslovic argues that the trial court erred by denying its motion for new trial and by depriving the appellant of due process at the hearing.

## A

That part of our prior decision dealing with Roslovic's motion for relief from judgment was not reversed by the Supreme Court nor is it affected by the law of the case, see *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 659 N.E.2d 781; *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410; therefore, we overrule the portion of appellant's assignment of error dealing with its motion for relief from judgment for the reasons stated in our original opinion. See *First Bank of Marietta* (Mar. 11, 1996), *supra.*

## B

 Appellant argues that it should have been granted a new trial because it was denied notice, an opportunity to prepare, and a full and fair hearing on the matter of contempt.[3] This is essentially the same argument made in support of its fourth assignment of error that the trial court denied its right to due process of law by issuing damages in a contempt motion without giving Roslovic a full and fair opportunity to prepare and be heard, so we discuss these alleged errors together.

 In reviewing a motion for new trial, we will not reverse the decision of the trial court absent an abuse of discretion. *Bible v. Kerr* (1992), 81 Ohio App.3d 225, 610 N.E.2d 1037; *Goode v. Goode* (1993), 89 Ohio App.3d 405, 624 N.E.2d 788. An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. *Lessin; Rock, supra.* When applying the abuse-of-discretion standard of review, we are not free merely to substitute our judgment for that of the trial court. *In re Jane Doe 1; Berk, supra.* However, if, in fact, the procedure followed by the trial court amounted to a denial of due process, it would be an abuse of discretion to overrule appellant's motion for a new trial.

---

**3.** In its original motion for new trial, Roslovic argues that the proceedings were highly irregular, that there were errors in fact and in law, and that the judgment was not supported by fact or law. Since appellant did not separately assign or argue any error by the trial court in denying its motion for new trial except the due process issue, we consider only appellant's argument that the trial court abused its discretion in denying a motion for new trial because Roslovic was denied due process at trial. See App.R. 12(A)(2) and 16(A).

The proper standard of review for constitutional analysis requires application of the "mixed question" standard of review. See *State v. Davis* (June 4, 1997), Ross App. No. 96CA2181, unreported, 1997 WL 305217. We accept facts as found by the trial court if supported by competent, credible evidence, but independently form our own legal conclusion in applying the facts. *Id.*

Procedural due process is a fluid concept; that is, "the concept of due process is flexible and varies depending on the importance attached to the interest and the particular circumstances under which the deprivation may occur." *Ohio v. Hochhausler* (1996), 76 Ohio St.3d 455, 459, 668 N.E.2d 457, 463, citing *Walters v. Natl. Assn. of Radiation Survivors* (1985), 473 U.S. 305, 320, 105 S.Ct. 3180, 3188–3189, 87 L.Ed.2d 220, 232–233. Due process requires reasonable notice and an opportunity to be heard. *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494; *Ohio Assn. of Pub. School Emp., AFSCME, AFL–CIO v. Lakewood City School Dist. Bd. of Edn.* (1994), 68 Ohio St.3d 175, 624 N.E.2d 1043. Constitutional due process requires that an alleged contemnor be advised of the charges and have a reasonable opportunity to meet them by way of a defense or explanation. *Mosler, Inc. v. United Auto., Aerospace & Agricultural Implement Workers of Am., Local 1862* (1993), 91 Ohio App.3d 840, 633 N.E.2d 1193; *Courtney v. Courtney* (1984), 16 Ohio App.3d 329, 16 OBR 377, 475 N.E.2d 1284.

Roslovic argues that the Ohio Rules of Civil Procedure are based upon due process and, since the requirements of these rules were not followed in the hearing below, Roslovic's due process rights were violated. Every court proceeding need not conform to the time frame outlined in the Ohio Rules of Civil Procedure to comport with procedural due process. As stated earlier, procedural due process is a fluid concept, to be evaluated on a case-by-case basis, taking into consideration the interest at stake and the possible deprivation of that interest. *Hochhausler; Walters.* Furthermore, contempt proceedings are *sui generis* in the law and while they resemble proceedings to which the Ohio Rules of Civil Procedure apply, they are unique.[4] See *Cincinnati; Arthur Young & Co., supra.*

"Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct

---

4. While the Ohio Supreme Court held that a contempt hearing is a trial for purposes of a Civ.R. 59 motion for new trial, a contempt hearing is not a trial for all purposes under the Ohio Rules of Civil Procedure. See *First Bank of Marietta, supra,* 79 Ohio St.3d 503, 684 N.E.2d 38. For example, a contempt hearing does not require that an answer be filed within twenty-eight days as normally required under Civ.R. 12(A), nor does a contempt hearing provide for the extensive discovery as required for other proceedings in Title V of the Ohio Rules of Civil Procedure. *Id.*

with particularity.' * * * Due process of law * * * does not allow a hearing to be held * * * without giving * * * [defendants] timely notice, in advance of the hearing, of the specific issues that they must meet." (Emphasis and footnotes removed.) *State ex rel. Johnson v. Perry Cty. Court* (1986), 25 Ohio St.3d 53, 25 OBR 77, 495 N.E.2d 16, citing *In re Gault* (1967), 387 U.S. 1, 33–34, 87 S.Ct. 1428, 1446–1448, 18 L.Ed.2d 527, 550. See, also, *Arthur Young & Co., supra.*

Appellant received copies of First Bank's motion to hold Roslovic in contempt, the supporting memorandum, and the order to show cause. It is apparent from these documents that First Bank was alleging the specific action for which First Bank was seeking a finding of contempt. The memorandum in support was clear in alleging that Roslovic had funds or property belonging to Mascrete at the time that Roslovic filed its answer with the court denying that it did. The show cause order required Roslovic to appear at the hearing and show why it should not be held in contempt. It is well settled that compensation of the party injured by contempt is a traditional function of contempt. *Cincinnati, supra.*

Appellant argues that it was given inadequate time to prepare for the hearing and this constituted a denial of due process. We note that appellant did not seek a continuance in order to more fully prepare its case. The hearing below was on a narrow issue, that is, whether Roslovic failed to comply with the order of the court and the appropriate remedy if it did. Not every proceeding requires the same amount of time between notice and the court proceeding. Further, appellant has cited no legal authority to support its argument that the three-week period between the notice and hearing violated appellant's constitutional right to due process. Appellant was given constitutionally adequate time to prepare. Therefore, appellant had constitutionally adequate notice of the proceedings that were to take place and the possible outcomes.

Due process also requires an opportunity to be heard. *Mateo; Luff; Mosler, supra.* Roslovic, through its president, John Roslovic, appeared at the hearing with counsel. The court gave the appellant the opportunity to present testimony, but the appellant's counsel agreed with the court that doing so was unnecessary. Further, appellant did not object to putting the documents that Roslovic had provided to First Bank into evidence and submitted evidence of its own. Appellant's counsel argued at length about the merits of the case. For example, counsel argued about the substantive law the court should apply in determining whether Roslovic had funds or property belonging to Mascrete at the time Roslovic filed its answer to the court and the possible interpretations of the two $10,000 checks that Roslovic sent to Mascrete. Appellant was given a constitutionally adequate opportunity to be heard.

Given that appellant was given constitutionally adequate notice and opportunity to be heard, we find that the court did not abuse its discretion in denying a new trial. Accordingly, we overrule appellant's third assignment of error.

We overrule appellant's fourth assignment of error because appellant received due process of law at the proceeding below in that Roslovic had constitutionally adequate notice and opportunity to be heard.

## IV

In sum, we have overruled all of appellant's assignments of error and therefore affirm the judgment of the trial court.

*Judgment affirmed.*

PETER B. ABELE and KLINE, JJ., concur.