DECISION AND JUDGMENT ENTRY
Glen E. Slone appeals the trial court's refusal to hold appellee, Melinda Buchwalter in contempt. He assigns the following error:
 The trial court erred as a matter of law and abused its discretion in failing to find appellee in contempt of court which was prejudicial to appellant's visitation rights and the recovery of damages as well as obstruction to the orderly administration of justice diminishing the respect and authority of the court.
This dispute revolves around appellant's attempt to exercise visitation rights with his children during the Thanksgiving holiday, 1997. However, a concise history of the parties' divorce proceedings is helpful. The parties were divorced in 1994. In the divorce decree the trial court issued a shared parenting order, which we reversed in Slone v. Slone (June 12, 1996), Pike App. No. 95CA547, unreported. On remand, appellee was granted custody of the parties two minor children, Jeremy and Courtney, subject to visitation by appellant under the schedule adopted in the shared parenting order. On March 14, 1997 the trial court ordered the parties to comply with the previous orders of the court. The parties refer to this visitation schedule as the "old orders."
In May, 1997 the trial court issued a decision outlining new visitation schedules. The parties refer to this as the "new orders." In this decision the trial court specifically stated that until the decision was incorporated into a final entry[2]
incorporating all the issues that were to be decided by the court, the parties should continue to act in accord with the previous orders of the court.
The appellant filed "cancellation" of his visitation and "intent to visit" notices at least five times prior to the Thanksgiving holiday weekend, at issue in the contempt hearing. In October, 1997, he filed a cancellation notice that stated that "all other regularly scheduled visitation periods remain cancelled until further notice."
Appellant contends that he gave appellee notice that he would exercise his visitation rights on the Thanksgiving holiday by sending her a letter that provided:
Dear Melinda
 This letter is notify you that I will be exercising visitation rights with Jeremy Courtney for Thanksgiving and the weekend of December 5, 6, , 1997. If the current temporary visitation order by the Court is in effect Wednesday, November 26, 1997 at 4:00 PM, then, Thanksgiving will be that evening a 6:00 p.m. until Saturday, Nov. 29, 1997 at 6:00 PM. If however, the Court issues a final entry pursuant to the most recent hearings in this case and it is journalized by the clerk before 4:00 PM Wednesday, Nov. 26, 1997, then, Thanksgiving will be Thurs., Nov. 26, 1997 at 9:00 AM until Fri., Nov. 28, 1997, at 9:00 AM.
 Thank you for the visitation calender (sic) with your interpretation (sic) of dates and times, but it wasn't necessary nor is it needed to assist me in determining when to exercise my visitation rights.
 Additionally, your sarcastic and incorrect presumptions concerning visitation contempt are uncalled for, and are indicative of a disturbed belligerent parent.
 * * *
The facts concerning appellant's attempt to exercise his visitation rights with the children on the Thanksgiving holiday are essentially undisputed. Appellee and the children were not at her home on the evening of November 26. Appellant drove to appellee's home and waited approximately one hour for the children to return, but ultimately drove back to his home that evening. On November 27, he arrived at six o'clock in the evening to pick up his children. He called prior to leaving his home and was not told that Courtney was sick. When he arrived at the Buchwalter residence, Jeremy came outside and informed appellant that Courtney was not coming because she was sick. Appellant and his sister went inside the Buchwalter residence. They testified that Courtney did not look sick. Appellee told appellant that Courtney had thrown up and had a fever. Appellee refused to let Courtney go with appellant and asked appellant and his sister to leave her home. As she left, appellant's sister commented that they would just have to file contempt charges.
Appellant called the sheriff's office to attempt to force Courtney to come with him. The sheriff came to the Buchwalter's residence but refused to force Courtney to go with her father. Appellee took Courtney to her family physician's office on November 28.
After a hearing on the contempt allegation, the trial court refused to hold appellee in contempt based upon appellee's testimony at the contempt hearing indicating that she assumed the appellant was following the "new orders" rather than the "old one."
In his only assignment of error, appellant asserts that the trial court erred in failing to find appellee in contempt for violating its order regarding visitation. He argues that appellee first violated the order by failing to tender the children on November 26 at six o'clock in the evening and again violated the order by refusing to force Courtney to go with him on November 27.
Contempt is a disregard of, or disobedience to, an order or command of judicial authority. State v. Flinn (1982), 7 Ohio App.3d 294,455 N.E.2d 691. We will not reverse a finding of contempt by a trial court unless that court abused its discretion. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10,417 N.E.2d 1249. An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. State v. Lessin (1993), 67 Ohio St.3d 487,620 N.E.2d 72; Rock v. Cabral (1993), 67 Ohio St.3d 108, 616 N.E.2d 218. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135,566 N.E.2d 1181, citing Berk v. Matthews (1990). 53 Ohio St.3d 161,559 N.E.2d 1301. The trial court is in the best position to judge credibility of testimony because it is in the best position to observe the witness's gestures and voice inflections. SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273.
Contempt may be classified as direct or indirect. Direct contempt occurs in the presence of the court in its judicial function. Indirect contempt are those acts occurring outside the presence of the court that show a lack of respect for the court or its lawful orders. See, The First Bank of Marietta v. Mascrete
(1998), 125 Ohio App.3d 257, 708 N.E.2d 262. Failure to comply with a visitation order is indirect contempt. Courtney v.Courtney (1985), 16 Ohio App.3d 329, 475 N.E.2d 1284; Bowman v.Tufts, (Nov. 12, 1996), Lawrence App. No. 96CA6, unreported. Contempt may be further classified as civil or criminal. This classification depends upon the character and purpose of the punishment imposed. In civil contempt, the punishment is remedial or coercive in nature and for the benefit of the complainant.Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250,416 N.E.2d 610; Pugh v. Pugh (1984), 15 Ohio St.3d 136,472 N.E.2d 1085. Criminal contempt is punitive and is usually characterized by an unconditional prison term or fine. Where the sole purpose of contempt is punitive and not coercive, courts consider the contempt criminal in nature. Normally, contempt proceedings in domestic cases are civil in nature as they are designed to coerce or encourage future compliance with the court's orders. Thus, we consider the proceedings here to be civil contempt. Id.
We have repeatedly warned that parties are not free to just defy standing visitation orders of a lower court. See, Holm v.Smilowitz (1992), 83 Ohio App.3d 757, 779 fn. 16,615 N.E.2d 1047; In re Skinner, (Mar. 23, 1994), Adams App. No. 93CA547, unreported; Shafer v. Shafer, (Dec. 1, 1993), Washington App. No. 93CA16, unreported. However, trial courts are in the best position to determine whether a parent's conduct was indeed contemptuous of their orders.
The trial court refused to hold appellee in contempt due to the confusion regarding the "new" and "old" orders pertaining to visitation compounded by appellant's filing of notices to cancel his visitation. The trial court believed appellee's testimony that she sought the advice of her counsel regarding the letter appellant sent her in order to comply with the court's order rather than to defy it. The court also considered that the mother believed that Courtney was sick.
Given the parties' acrimonious relationship, the confusion over the "old" and "new" orders, appellant's repeated cancellation of visitations that were filed with the court, the last-minute letter that was not filed with the court, and Courtney's sickness, the trial court did not act arbitrarily, unreasonably or unconscionably. Therefore, its decision was well within its discretion.
We overrule appellant's only assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Abele, J. Concur in Judgment and Opinion.
For the Court
 BY: __________________________ William H. Harsha, Judge
[2] The "final entry" was not filed until February, 1998.