[Cite as *State v. Lytle*, 2013-Ohio-2683.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 12CA3330 |
| vs. | : | |
| NORMA LYTLE, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT      Sterling E. Gill, II, Law Offices of
STERLING E. GILL, II:         Sterling Gill, 1445 Garrywood Drive, Columbus, Ohio 43227, Pro
Se.

COUNSEL FOR APPELLEE:        Matthew S. Schmidt, Ross County Prosecuting Attorney,
and Jeffrey C. Marks, Ross County Assistant Prosecuting
Attorney, 72 North Paint Street, Chillicothe, Ohio 45601

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 6-21-13
ABELE, J.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court judgment holding

Sterling E. Gill II, defense counsel below and appellant herein, in contempt of court.   Appellant

assigns the following errors for review:[1]

_____

[1]   Appellant neglects to set forth in his brief a separate statement of the assignments of error.    See App.R. 16(A) (3).
Thus, we take these assignments of error from the brief's table of contents.

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN RULING THAT DEFENDANT-APPELLANT WAS IN CRIMINAL CONTEMPT OF COURT WHEN HE WAS LATE FOR COURT ON MAY 1, 2012."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT DEFENDANT-APPELLANT'S TARDINESS AT COURT WAS FULLY DOCUMENTED AND DEMONSTRATED THE TARDINESS WAS FOR CAUSE AS BOTH DEFENDANT-APPELLANT AND HIS CLIENT HAD LEGITIMATE DOCUMENTED REASONS FOR BEING ABSENT AND/OR LATE FOR COURT ON THE DATE IN QUESTION."

{¶ 2} On October 29, 2010, the Ross County Grand Jury returned an indictment that charged Norma Lytle with two counts of drug trafficking. Although the Public Defender's office initially represented Lytle, on January 31, 2012 appellant entered an appearance and substitution of counsel.

{¶ 3} The trial court granted appellant two continuances and set the matter for trial on May 1, 2012, at 8:30 AM. Neither Lytle nor appellant appeared on time. However, appellant did appear at approximately 9:55 AM. Although questioned on the record as to his own tardiness, apparently the trial court's primary intention was "attempting to establish why [his] client [was] not [there]."[2]

---

[2] The trial court stated on the record "there's no written motion to continue this case that's been filed. . ." Although appellant fails to mention it in his brief, the record does contain a motion for continuance that may have been faxed the night before and bears a Clerk of Courts file stamp at 7:57 AM the morning of trial. It is puzzling why appellant did not bring this filing to the trial court's attention, or why appellant does not raise it in his brief.

{¶ 4}   At the conclusion of those proceedings, the trial court set a show cause hearing for May 16, 2012 to determine whether appellant should be held in contempt of court.   The trial court also informed appellant that the hearing would be cancelled if he could provide the court with "authenticated confirmation" that appellant had foot surgery, was taking medication and could not appear on time for trial.[3]   Apparently, appellant did not provide that documentation. At one point during the June 4, 2012 hearing the following colloquy occurred between the court and counsel:

> "THE COURT: Alright. [Appellant], giving you the benefit of the doubt on that, you are admitting that you showed up late, that you were suppose to be there at 8:30, you showed up at 9:45, is that correct?
>
> [APPELLANT]:       Yes your honor.
>
> THE COURT: You are admitting that as a contemptuous act?
>
> [APPELLANT]: Yes your honor." (Emphasis added.)

{¶ 5}   Appellant then offered his own testimony in mitigation and explained that he was taking various medications.   The trial court found appellant in contempt and ordered him to serve ten days in jail.   The court further ruled that it found appellant's mitigating circumstances to be somewhat compelling as well, and ordered the ten days suspended if appellant reimbursed the costs incurred to bring a jury into court on the day of trial and pay $200 to a Ross County charity of his choice.   This appeal followed.

I

{¶ 6}   Appellant asserts in his first assignment of error that the trial court abused its

---

[3] The trial court also noted, at the conclusion of the hearing, that it thought appellant was "impaired" that day and that he was not behaving as the counselor with whom the court had "dealt with in the past."

discretion by holding him in contempt of court.

{¶ 7} Contempt is a disregard of, or disobedience to, an order of judicial authority. *First Bank of Marietta v. Mascrete, Inc.*, 125 Ohio App.3d 257, 263, 708 N.E.2d 262 (4th Dist. 1998). It involves conduct that engenders disrespect for the administration of justice, or which tends to embarrass, impede or disturb a court in the performance of its function. See *Denovchek v. Trumbull Cty. Bd. of Commrs.*, 36 Ohio St.3d 14, 15, 520 N.E.2d 1362 (1988); *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), at paragraph one of the syllabus.

{¶ 8} Contempt is generally classified as either direct or indirect.   A direct contempt occurs within the presence of the court. See R.C. 2705.01.   By contrast, indirect contempt occurs outside the presence of the court and demonstrates a lack of respect for the court or its orders. R.C. 2705.02; *Eastern Local School Dist. Bd. of Educ. v. Eastern Local Classroom Teachers' Ass'n*, 4th Dist. No. 03CA717, 2004-Ohio-1499, at ¶7; *Oak Hill Banks v. Ison*, 4th Dist. No. 03CA5, 2003-Ohio-5547, at ¶13.   Contempt can also be classified as either civil or criminal. Civil contempt is generally meant to be coercive and enforce compliance with a court's order. *Delawder v. Dodson*, 4th Dist. No. 02CA27, 2003-Ohio-2092, at ¶9.   Criminal contempt, by contrast, is strictly punitive in nature. Id.; *In re Winegrove*, 4th Dist. No. 92CA4, 2003-Ohio-549, at ¶16.

{¶ 9} From our review of the record in the case sub judice, the court's order of contempt was to punish appellant for failing to appear on time for the May 1, 2012 trial.   The trial court was also upset that appellant also instructed his client not to appear that day:   "It was not your province to tell Ms. Lytle, as you said, the case could not go forward that day, wasn't your province to decide whether or that case would go forward that day."   Thus, the trial court's ruling

is for an indirect criminal contempt.

{¶ 10} A contempt order usually lies in the trial court's sound discretion and, as appellant correctly argues in his first assignment of error, such an order will not be reversed absent an abuse of that discretion. *In re T.B.*, Athens App. No. 10CA04, 2010-Ohio-2047, at ¶37; *Welch v. Muir*, Washington App. No. 08CA32, 2009-Ohio-3575, at ¶10; *In re Grand Jury Subpoenas Issued to Lynd*, Scioto App. Nos. 04CA2966 & 04CA2978, 2005-Ohio-4607, at ¶10.   Generally, an abuse of discretion is more than an error of law or judgment; rather, it implies that a trial court's attitude is unreasonable, arbitrary or unconscionable. *Landis v. Grange Mut. Ins. Co.*, 82 Ohio St.3d 339, 342, 695 N.E.2d 1140 (1998); *Malone v. Courtyard by Marriott L.P.*, 74 Ohio St.3d 440, 448, 659 N.E.2d 1242 (1996).   Moreover, under this standard reviewing courts must not substitute their judgment for that of the trial court.   *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶ 11} The gist of appellant's argument under his first assignment of error is that the trial court failed to use the procedure set out in R.C. 2705.03:

> "In cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel. This section does not prevent the court from issuing process to bring the accused into court, or from holding him in custody, pending such proceedings."

{¶ 12} Appellant asserts that he was simply "ushered into court" on May 1, 2012, where testimony was taken from him regarding his and his client's absence from the trial.   This, he contends, constitutes a denial of due process, as well as various other safeguards.   We disagree with appellant.

{¶ 13} First, the contempt proceeding was not the May 1, 2012 hearing, but, rather, the June 4, 2012 hearing. Second, the record reveals that an order filed May 16, 2012 ordered appellant to appear at the June 4th hearing to show cause why he should not be held in contempt. Appellant did appear and was allowed to present witnesses in his favor and was further invited to present mitigating evidence. In short, the trial court gave appellant both notice and an opportunity to be heard. Thus, we find no due process violation or other violation of a constitutional right.[4]

{¶ 14} We also find nothing unreasonable, arbitrary or unconscionable in the trial court's decision to hold appellant in contempt. We again point out that appellant admitted at the June 4, 2012 hearing that he had committed a "contemptuous act."

{¶ 15} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's first assignment of error.

II

{¶ 16} In his second assignment of error, appellant asserts that the trial court's finding of contempt is against the manifest weight of the evidence. We summarily overrule this assignment of error because the transcript of the June 4, 2012 contempt hearing reveals that appellant admitted to being in contempt of court. Suffice it to say, an admission of an act is sufficient to overcome any argument the trier of fact's finding of said act is against the manifest weight of the evidence. See e.g. *State v. Everett*, 5th App. No. 2011CA115, 2012-Ohio-2740, at ¶64; *State v. Yoder*, 10th Dist. No. 10AP–653, 2011-Ohio-3308, at ¶41. Therefore, we hereby

---

[4] We also note that not only did appellant have an opportunity to be heard but, as the transcript shows, once afforded that opportunity he admitted to having committed an act in contempt of court.

overrule appellant's second assignment of error.

{¶ 17} Having reviewed all errors appellant assigned and argued, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Lytle*, **2013-Ohio-2683**.]

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.