[Cite as *In re J-L.H*, 2014-Ohio-1245.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   100469

---

## IN RE:   J-L.H.
## A Minor Child

## [Appeal By CJFS-OCSS]

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. SU 12704414

**BEFORE:**   Boyle, A.J., Celebrezze, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   March 27, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Anthony R. Beery
Assistant County Prosecutor
Juvenile Division
CJFS-OCSS
P.O. Box 93894
Cleveland, Ohio   44101

**FOR APPELLEES**

Troy Seals, Jr., pro se
21214 Gardenview Drive
Maple Heights, Ohio   44137

Shadaeah Kirk, pro se
21000 Hillgrove Avenue
Maple Heights, Ohio   44137

MARY J. BOYLE, A.J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Plaintiff-appellant, Cuyahoga County Job and Family Services, Office of Child Support Services ("the agency"), appeals the juvenile court's judgment dismissing its complaint filed on March 15, 2012. It raises two assignments of error for our review:

> 1. The trial court erred in dismissing the complaint in contempt for failure to attach a child support guideline worksheet to the administrative order when a worksheet was not required by [R.C. Chapter 3119].
>
> 2. The trial court erred in dismissing the complaint in contempt because the administrative order was final and enforceable in court.

{¶3} Finding merit to the agency's appeal, we reverse and remand to the trial court.

## Procedural History and Factual Background

{¶4} According to the agency's March 15, 2012 complaint, it issued an administrative order to defendant-appellee, Troy Seals, Jr., to pay child support for his minor child (born in April 2009) in the amount of $50 per month, plus a 2 percent processing fee, effective August 17, 2010. The agency attached the administrative order to its complaint. The agency alleged in the complaint that Seals failed to pay the monthly child support. The agency requested the court to adopt the attached administrative child support order, make any finding of arrears, establish a payment plan for said arrears, find Seals in contempt, sentence accordingly, and order him to pay the

costs of the action.

{¶5} A magistrate held a hearing on the agency's complaint in May 2013. At the hearing, Seals admitted that he had never paid any child support pursuant to the administrative order. The magistrate stated at the close of the hearing, "[t]he CSEA order attached to the complaint is adopted as a court order." The magistrate further stated that Seals was in contempt, and he sentenced him to 30 days in jail, suspended. At the hearing, the magistrate further stated that Seals's current support would remain at $51 per month, that he owed back support of $1,606.15 through March 31, 2013, and that he would pay that arrears amount at $10 per month beginning July 1, 2013. The magistrate then issued a seek-work order to Seals, and informed him of how he could purge his contempt.

{¶6} When the magistrate issued his written decision, however, he dismissed the agency's complaint. The magistrate found that the agency had not established by clear and convincing evidence that it had previously ordered Seals to pay child support because the administrative order, attached to the agency's complaint, did not contain a child support guideline worksheet.

{¶7} The agency filed objections to the magistrate's decision, which were overruled by the trial court. The trial court affirmed, approved, and adopted the magistrate's decision as its own. The trial court stated:

> The court makes the following findings and orders: The court further finds that [the agency's] complaint in contempt does not contain a child support guideline worksheet such that the complaint is defective for purposes of adoption by the court in accordance with *Marker v. Grimm*, [65 Ohio St.3d

139, 601 N.E.2d 496 (1992)] which requires the court to attach the child support guideline computation worksheet; and therefore, to adopt said order as an order of the court would be contrary to law.

**{¶8}** The court then ordered that the agency's complaint against Seals be dismissed. It is from this judgment that the agency appeals.

Contempt

**{¶9}** "Contempt is a disregard of, or disobedience to, an order or command of judicial authority." *First Bank of Marietta v. Mascrete, Inc.*, 125 Ohio App.3d 257, 263, 708 N.E.2d 262 (4th Dist.1998). The contempt process was created "to uphold and ensure the effective administration of justice[,] * * * to secure the dignity of the court[,] and to affirm the supremacy of law." *Cramer v. Petrie*, 70 Ohio St.3d 131, 133, 637 N.E.2d 882 (1994).

**{¶10}** Failure to pay court-ordered child support and alimony constitutes civil contempt. R.C. 2705.031; *Herold v. Herold*, 10th Dist. Franklin No. 04AP-206, 2004-Ohio-6727, ¶ 25. "A prima facie case of civil contempt is made when the moving party proves both the existence of a court order and the nonmoving party's noncompliance with the terms of that order." *Wolf v. Wolf*, 1st Dist. Hamilton No. C-090587, 2010-Ohio-2762, ¶ 4. "[T]he burden of proof for civil contempt is clear and convincing evidence." (Citation omitted.) *Delawder v. Dodson*, 4th Dist. Lawrence No. 02CA27, 2003-Ohio-2092, ¶ 10.

> "Clear and convincing evidence" has been defined as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of

facts a firm belief or conviction as to the facts sought to be established."

*Ohio State Bar Assn. v. Reid*, 85 Ohio St.3d 327, 331, 708 N.E.2d 193 (1999), quoting

*Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the

syllabus.

**{¶11}** An appellate court will not overturn a trial court's finding in a contempt

proceeding absent an abuse of discretion. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d

10, 11, 417 N.E.2d 1249 (1981). An abuse of discretion is the trial court's "'failure to

exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist.

Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th

Ed.2004).

### *Marker v. Grimm*

**{¶12}** In this case, the trial court dismissed the agency's complaint against Seals

because it found that the agency did not establish by clear and convincing evidence that

Seals was in contempt. The trial court reasoned that because the agency failed to attach a

child support guideline worksheet to the administrative order, the agency did not establish

that it had ever ordered Seals to pay child support. In dismissing the agency's complaint,

the trial court explained that if it adopted the agency's administrative order as its own, the

order would be contrary to law pursuant to *Marker v. Grimm*, 65 Ohio St.3d 139, 601

N.E.2d 496 (1992), because it lacked the guideline worksheet.

**{¶13}** In *Marker*, the Ohio Supreme Court held that "[a] child support computation

worksheet, required to be used by a trial court in calculating the amount of an obligor's

child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the trial court's record." *Id.* at paragraph one of the syllabus. The Supreme Court further held that "[t]he terms of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects." *Id.* at paragraph two of the syllabus.

{¶14} The Ohio Supreme Court explained its reasoning in *Marker* as follows:

> [A] review of R.C. 3113.215 leads us to the conclusion that the statute mandates that a court "use" a worksheet identical in content and form to the [model] worksheet, and that the amount of an obligor's child support obligation must be calculated "in accordance with," and "pursuant to," the basic child support schedule and appropriate worksheet. In our judgment, these mandates very clearly indicate that a worksheet must actually be completed for the order or modification of support to be made. The responsibility to ensure that the calculation is made using the schedule and worksheet rests with the trial court. R.C. 3113.215(B)(1) provides that the court, in performing its duties under the statute, is not required to accept any calculations in a worksheet prepared by any party to the action or proceeding. As R.C. 3113.215 requires the applicable worksheet to be completed, there is every reason to require that the trial court include that document in the record. Only in this fashion can appellate courts be assured that the literal requirements of R.C. 3113.215 have been followed, and that an order or modification of support is subject to meaningful appellate review.

*Id.* at 142.

{¶15} The agency argues that *Marker* is not applicable because it addressed the former R.C. 3113.215, which has been repealed, and not the current child support laws set forth in R.C. Chapter 3119.

{¶16} "For the most part, [however,] R.C. Chapter 3119 is a re-enactment of former R.C. 3113.215 which split the former statute's many subsections into independent

statutory sections of a new revised code chapter, but did not substantively change the statutory framework." *In re Day*, 7th Dist. Belmont No. 01BA28, 2003-Ohio-1215, ¶ 16. For example, the former R.C. 3113.215(E) provided that when a court or child support enforcement agency was calculating the amount of child support an obligor had to pay, it had to "use a worksheet that [was] identical in content and form" to the one set forth in that subsection. The current law, set forth in R.C. 3119.022 and 3119.023, continues to mandate that a court or agency calculating a child support obligation "shall use a worksheet that is identical in content and form" to the ones set forth in these sections.[1]

{¶17} Similarly, the former R.C. 3113.215(B)(1) provided that in any action in which a court or agency was determining the amount of child support that would be paid pursuant to a court or administrative order, the court or agency had to calculate the amount of child support "in accordance with the basic child support schedule," "the applicable worksheet," and the other provisions of the child support laws. Former R.C. 3113.215(B)(1) further provided that "[i]n performing its duties under this section, the court or agency [was] not required to accept any calculations in a worksheet prepared by any party to the action or proceeding."

{¶18} Under the current laws, R.C. 3119.02 continues to mandate that in any action in which a court or agency is determining the amount of child support that should be paid pursuant to the court or administrative order, "the court or agency shall calculate

_____

[1] R.C. 3119.022 sets forth the computation worksheet that courts and agencies should use for sole residential parents or shared parenting; R.C. 3119.023 sets forth the computation worksheet courts and agencies should use for split parental rights.

the amount of the obligor's child support obligation in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to 3119.24 of the Revised Code." R.C. 3119.02 further provides that "[i]n performing its duties under this section, the court or agency is not required to accept any calculations in a worksheet prepared by any party to the action or proceeding."

{¶19} Thus, we find the rule of *Marker* applicable to the current child support laws, even though it addresses the former R.C. 3113.215. *See Cutlip v. Cutlip*, 5th Dist. Richland No. 02CA32, 2002-Ohio-5872, ¶ 7-8 (finding the holding in *Marker* applicable to R.C. Chapter 3119). Accordingly, pursuant to both former R.C. 3113.215 and the current provisions of R.C. Chapter 3119, a trial court must actually complete a child support worksheet (except for the limited circumstances discussed in the following section of this opinion) and make that completed worksheet part of the record when it is making a child support determination. *See Day*, 7th Dist. Belmont No. 01BA28, 2003-Ohio-1215, ¶ 18, citing *Marker*, 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph one of the syllabus.

### R.C. 3119.021 and 3119.04

{¶20} The agency further argues that even if *Marker* is applicable to the current child support laws, it is not applicable in this case. The agency maintains that it did not attach a child support computation worksheet to the administrative order because the worksheet was unnecessary due to the fact that the combined gross income of the parties was less than $6,600 under R.C. 3119.021 and 3119.04. The agency points out that on

the administrative order, it crossed out the words, "guideline worksheet attached," and initialed it, because it was not required to use or attach a worksheet. It therefore argues that *Marker* is not applicable in this case because the parties earned a combined gross income of less than $6,600.

{¶21} R.C. 3119.021 sets forth a table of the basic child support schedule, based on the combined gross income of the parties and the number of children they have (from one to six children). It provides that

> [t]he basic child support schedule shall be used by all courts and child support enforcement agencies when calculating the amount of child support to be paid pursuant to a child support order, *unless* the combined gross income of the parties is less than sixty-six hundred dollars or more than one hundred fifty thousand dollars[.]

(Emphasis added.) Thus, the basic child support schedule lists the basic amount of child support that courts and agencies should use when the parties combined gross income is between $6,600 and $150,000.

{¶22} R.C. 3119.04 sets forth how courts and child support enforcement agencies should determine child support obligations where combined gross income is less than $6,600 or greater than $150,000. R.C. 3119.04 provides:

> (A) If the combined gross income of both parents is less than six thousand six hundred dollars per year, the court or child support enforcement agency shall determine the amount of the obligor's child support obligation on a case-by-case basis using the schedule as a guideline. The court or agency shall review the obligor's gross income and living expenses to determine the maximum amount of child support that it reasonably can order without denying the obligor the means for self-support at a minimum subsistence level and shall order a specific amount of child support, unless the obligor proves to the court or agency that the obligor is totally unable to pay child support, and the court or agency determines that it would be unjust or

inappropriate to order the payment of child support and enters its determination and supporting findings of fact in the journal.

(B) If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, or the child support enforcement agency, with respect to an administrative child support order, shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court or agency shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court or agency makes such a determination, it shall enter in the journal the figure, determination, and findings.

**{¶23}** Thus, when the parties' combined gross income is less than $6,600, courts and child support enforcement agencies shall determine the amount of child support on a case-by-case basis, using the child support schedule as a guideline, and making sure that the order does not deny the obligor the means for self-support. It is clear that under this subsection, a court or agency is not required to use the child support guideline worksheet when determining the amount of child support. Courts or agencies are merely required to use the *child support schedule* as a guideline. R.C. 3119.04(A); *see also Zeitler v. Zeitler*, 9th Dist. Lorain No. 04CA008444, 2004-Ohio-5551, ¶ 8.

**{¶24}** When the parties' combined gross income is over $150,000, R.C. 3119.04(B) also requires courts and child support enforcement agencies to determine the amount of child support on a case-by-case basis. In doing so, courts and agencies must consider "the needs and the standard of living of the children," and make sure that the

support obligation is not less than it would have been had the parties made a combined gross income of $150,000. Thus, courts and agencies cannot award less than the $150,000 equivalent unless they determine that it would be unjust or inappropriate and would not be in the best interest of the children. But if courts or agencies do make this determination and award less than the $150,000 equivalent, then they must journalize that figure, determination, and findings. Thus, under R.C. 3119.04(B), courts are not required to use the guideline worksheet to determine the appropriate amount of child support (as long as they make a finding that the amount is not less than the $150,000 equivalent). *See Zeitler* at ¶ 8.

**{¶25}** After reviewing R.C. 3119.021 and 3119.04, we find that the reasoning set forth by the Ohio Supreme Court in *Marker* simply does not apply to situations where parties earn less than $6,600 or more than $150,000. *Marker* applies to cases where the applicable statutes *mandate* courts and agencies to use the child support guideline worksheet. *Id.* at 142. R.C. 3119.02 and 3119.021 require courts and agencies to use the basic child support schedule and applicable worksheet when the parties earn between $6,600 and $150,0000. But R.C. 3119.04(A) and (B) do not require courts or child support enforcement agencies to use the schedule or guideline worksheet when the parties earn less than $6,600 or more than $150,000. Indeed, when the parties' combined gross income is less than $6,600, courts and agencies are not required to even reference the guideline worksheet at all.

**{¶26}** Accordingly, the trial court erred when it ruled that if it adopted the

administrative order as its own, the order would be contrary to law without the child support guideline worksheet attached. Thus, we agree that the trial court abused its discretion when it dismissed the agency's complaint.

{¶27} The agency's first assignment of error is sustained.

Final and Enforceable Order

{¶28} In its second assignment of error, the agency argues that the trial court erred in dismissing its complaint in contempt because the administrative order was a final and enforceable order in court.

{¶29} R.C. 3111.84 provides:

The mother or father of a child who is the subject of an administrative support order may object to the order by bringing an action for the payment of support and provision for the child's health care under section 2151.231 of the Revised Code in the juvenile court or other court with jurisdiction under section 2101.022 or 2301.03 of the Revised Code of the county in which the child support enforcement agency that employs the administrative officer is located. The action shall be brought not later than thirty days after the date of the issuance of the administrative support order. If neither the mother nor the father brings an action for the payment of support and provision for the child's health care within that thirty-day period, the administrative support order is final and enforceable by a court and may be modified only as provided in Chapters 3119., 3121., and 3123. of the Revised Code.

{¶30} After review, we find merit to the agency's second assignment of error. Because father never contested the administrative order, it was final and enforceable against him 30 days after it was issued, which was on August 17, 2010.

{¶31} Accordingly, we sustain the agency's second assignment of error.

{¶32} Judgment reversed and remanded to the lower court for further proceedings

consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN T. GALLAGHER, J., CONCUR