THE STATE OF OHIO, APPELLANT, *v.* SHACKLEFORD, APPELLEE.

(No. 212—Decided August 29, 1955.)

*Mr. George G. McClelland,* city solicitor, and *Mr. George W. Morrison,* for appellant.

*Mr. Theodore Tilden,* for appellee.

GRIFFITH, J.  This is an appeal on questions of law from an order of the Common Pleas Court reversing a conviction of the defendant, appellee herein, in the Ravenna Municipal Court for a violation of Section 4511.31, Revised Code, and entering a final order of acquittal.

The defendant was driving an automobile south on State Route No. 44 in Portage County and passed a semi-trailer traveling in the same direction, at a place in the road where there is an upgrade.  He started his act of passing at a place where there was no yellow-line marking but, while in the act of passing, he drove to the left of the highway, which is a two lane highway, at a place where there was a yellow line, which line was to the right of the center line of the road; and, when he came upon the yellow line, he had not completed his act of passing and was along side the rear wheels of the tractor of the semi-trailer which he was passing, and it was necessary for him to travel to the left of the yellow line for a considerable distance before he completed his act of passing and returned to his right side of the road.

A state highway patrolman, traveling in the opposite direction, observed the defendant in the act of passing, stopped him, and charged him with a violation of Section 4511.31, Revised Code.

The yellow line was placed on the highway to mark an especially hazardous zone and, in accordance with the Manual of Uniform Traffic Control Devices for streets and highways prepared by the Department of Highways of the State of Ohio, it was clearly visible.

The defendant admitted driving to the left of the center line. There was no evidence produced to show that the yellow line was not clearly visible, and it was not contended that the yellow line was not placed there in accordance with the law and with the standards set up by the department of highways.

Upon trial in the Municipal Court, the defendant was found guilty. On appeal to the Court of Common Pleas, the conviction in the lower court was reversed, and a final order of acquittal was entered.

The affidavit filed against the defendant reads, in part, as follows:

"That on or about the 8th day of November, 1954, at a place on a state highway in said county, which is State Highway No. 44 in Ravenna Township, one Albert A. Shackleford, R. D. No. 2, Kent, Ohio, did then and there drive a certain motor vehicle, to wit: a 1951 Buick, D 93 B Ohio, to said driver's left of center of said highway and across a yellow line placed there pursuant to law for the purpose of designating such place as an especially hazardous zone in which to overtake and pass traffic, or to drive to the left of the center of said highway; that said act was contrary to the marking aforesaid, and in violation of Section 4511.31 Revised Code of Ohio and against the peace and dignity of the state of Ohio."

Section 4511.31, Revised Code, reads as follows:

"The department of highways may determine those portions of any state highway where overtaking and passing other traffic or driving to the left of the center or center line of the roadway would be especially hazardous, and may, by appropriate signs or markings on the highway, indicate the beginning and end of such zones. When such signs or markings are in

place and clearly visible, every operator of a vehicle or trackless trolley shall obey the directions thereof, notwithstanding the distances set out in Section 4511.30 of the Revised code.''

Conformable to Sections 4511.09 and 4511.10, Revised Code, the department of highways has adopted a manual for traffic control devices for use upon the state highways, and that manual, in evidence in this case, at page 215, provides:

''The yellow line, when in the driver's lane, *i. e.*, to the right of the center line, is a barrier line which warns that crossing the yellow line to overtake and pass or for any reason [is] not only illegal but extremely hazardous. In some cases where overtaking and passing is prohibited in both directions, there will be a yellow line on each side of the normal center line. When the yellow line is in the opposite lane, that is to the left of the center line, overtaking and passing is permitted provided traffic conditions are such as to permit such maneuver to be completed in safety.''

The defendant at no time drove over the yellow line prohibited by the rules set forth in the manual, and the rules in the manual, having been adopted pursuant to legislative enactment, have the force and effect of a statute.

Section 4511.31, Revised Code, says that the operator of a vehicle shall obey the directions of the markings on the roadway. The traffic rule designated as, ''No Passing Zone Markings'' (Page 215 of Manual), provides that, ''a barrier line which warns that crossing the yellow line to overtake and pass * * * [is] not only illegal but extremely hazardous.''

The contention of the state is that when the defendant entered his left hand side of the highway at the point of the beginning of the yellow line he committed a misdemeanor no matter how or where he entered this portion of the highway. Had he approached and entered the highway at the east side thereof from a private drive with the intention of driving south, he would have been guilty of a misdemeanor under this reasoning, because he was driving on the highway to the left of the center line of the roadway which had been marked as especially hazardous.

We do not believe this position is tenable. He was not at the right of the barrier line before entering the east side of

the highway. The defendant did not pass any barrier line at any time, that is a barrier line to him. He found himself on his left hand side of the highway and on the left side of the barrier line when he was passing the truck, and he proceeded to extricate himself by driving on the wrong side of the highway until he could enter his rightful position on the highway.

Had no yellow line been placed on the highway, would the defendant have been guilty of violating Section 4511.31, Revised Code, in the operation of his automobile as the evidence discloses? Would the fact that the highway department, in the interest of public safety, had placed a discernible yellow line there convert such conduct into a violation? The yellow line to this defendant was a warning, or at least a direction to him, to get back on his right side of the road as soon as he could in safety after passing the tractor-trailer. This he did.

In approaching the north end of this yellow line, it was not a violation of any criminal statute for the defendant to enter the east half of the highway on which he had been traveling, nor was it a violation of the criminal code for him to continue thereon, under the circumstances attending this case, until he could safely pull to his right and back on his own right-hand side of the road.

It is a well-settled general rule that a strict construction is to be accorded to penal statutes. It is not the prerogative of a court to fill in or interpolate into a statute that which the Legislature omits.

We believe the judgment of the Court of Common Pleas is correct, and the same is hereby affirmed.

*Judgment affirmed.*

PHILLIPS, P. J., and NICHOLS, J., concur.