MANN, APPELLANT, *v.* LEWIS, APPELLEE.

[Cite as Mann v. Lewis, 20 Ohio App. 2d 96.]

(No. 454—Decided July 3, 1969.)

*Mr. Allen N. Corlett* and *Mr. Wm. A. Welty,* for appellant.

*Mr. Kent H. Meyers* and *Mr. Henry A. Hentemann,* for appellee.

Cook, J. This matter comes before this court on appeal on questions of law from a judgment of the Common Pleas Court of Geauga County on a jury verdict for the defendant-appellee, hereinafter called appellee.

The facts are not in great dispute except for the material fact of the location of the appellee's car at the time of its collision with the car being driven by the plaintiff-appellant, hereinafter called appellant.

Appellant's evidence indicates that on April 19, 1966, at approximately 9:00 a. m., he was proceeding in a southerly direction on State Route 306 in Bainbridge Township; that at a point about 1400 feet to the north of the T intersection of State Route 306 and Beacon Hill Drive, he began to pass a truck; that while passing the truck at a speed of 40 to 45 miles per hour, he saw the appellee enter State Route 306 from the east off Beacon Hill Drive and proceed towards him in the northbound lane of State Route 306 in which he, the appellant, at that time was passing the truck; that he, the appellant, accelerated his speed and attempted to complete his pass of the truck; that, as he cut back in front of the truck, the rear of his car came into contact with the front of the truck and the left front of the appellee's automobile at about the same time; and that the pavement was wet and the sky was cloudy.

Appellee's testimony does not materially differ from the testimony of the appellant except that appellee claims he had at no time entered State Route 306 from Beacon Hill Drive and that he was actually stopped at the intersection at the time the collision occurred.

Although the defense of contributory negligence was not pleaded by the appellee, apparently the court was of the opinion that there was evidence before the jury as to whether the appellant was proceeding in a lawful manner on State Route 306 at the time and place.

Accordingly, the court charged the jury as to possible excessive speed, violation of assured-clear-distance rule, and passing within one hundred feet of an intersection, on the part of the appellant.

This court is of the opinion that the court's charge

was erroneous in two respects, both prejudicial to the appellant, and the judgment of the lower court should be reversed.

First, the trial court was in error to charge the jury on the question of a possible violation of the assured-clear-distance rule by the appellant.

The leading case as to violations of said rule is *Mc-Fadden, Admx., v. Elmer C. Breuer Transportation Co.,* 156 Ohio St. 430. In paragraph one of the syllabus, the court stated:

"The question of whether the operator of a motor vehicle was negligent in failing to comply with the 'assured-clear-distance-ahead' rule contained in Section 63-07-21, General Code, is not presented to the trier of the facts where there is no substantial evidence (1) that the object with which such operator collided was located ahead of him in his lane of travel, and (2) that such object was reasonably discernible, and (3) that the object was (a) static or stationary, or (b) moving ahead of him in the same direction as such operator, or (c) came into his lane of travel within the assured clear distance ahead at a point sufficiently distant ahead of him to have made it possible, in the exercise of ordinary care, to bring his vehicle to a stop and avoid a collision."

Looking to the facts in this case, the appellant's evidence was that the appellee was heading north on State Route 306 at the time the appellant collided with him while driving in a southerly direction on said route in the same northbound lane of traffic.

The appellee's evidence was that he never was on State Route 306 but at the time of the accident was stopped off State Route 306 waiting for the appellant to pass.

Under the appellant's version of the facts the appellee was not "static or stationary" nor "moving ahead of him in the same direction as such operator."

Under the appellee's version of the facts, it was not true "that the object with which such operator collided was located ahead of him *in his lane of travel*" (Italics ours).

Accordingly, there were no facts before the jury to require the court to charge on any possible violation of the assured-clear-distance rule by the appellant.

Second, the trial court was in error to charge the jury on Section 4511.30 of the Revised Code which prohibits passing another vehicle within 100 feet of an intersection.

Section 4511.30 of the Revised Code reads as follows:

"No vehicle or trackless trolley shall, in overtaking and passing traffic, or at any other time, be driven to the left of the center or center line of the roadway under the following conditions:

"(A) * * *

"(B) * * *

"(C) When approaching within one hundred feet of or traversing any intersection or railroad grade crossing, unless compliance with this section is impossible because of insufficient roadway space. * * * "

Although there are apparently no Ohio cases squarely on point, this court is of the opinion that the statute was intended to prohibit one driving his automobile from the right side of the center or center line of the roadway to the left of the center or center line of the roadway within one hundred feet of an intersection to pass another vehicle.

In other words, the statute prohibits one from crossing the center line to overtake or to pass another vehicle when within one hundred feet of an intersection.

This court is of the opinion that the Seventh Appellate District Court of Appeals, this court's predecessor, was correct in the case of *State* v. *Shackleford,* 100 Ohio App. 487, when it held:

"When a motorist enters the left side of a highway, before reaching the point where a yellow line begins, in order to pass a truck, and, while passing such truck, continues on the left side of the highway beyond the point where a yellow line begins on the right side of the center thereof, such motorist does not violate Section 4511.31, Revised Code, in continuing in such left lane until he can safely cross back into the right lane."

We are of the opinion that the same reasoning would apply where the act of passing begins prior to reaching a point one hundred feet from an intersection.

We find no evidence in the record of the appellant beginning to pass less than one hundred feet from the intersection.

Therefore, in our opinion, the trial court should not have charged the jury as to any possible negligence on the part of the appellant by reason of being left of center within one hundred feet of an intersection where the evidence is uncontradicted that at the time of the accident he was in the process of completing a passing action which began more than one hundred feet from the intersection.

Therefore, this court finds prejudicial error in the trial court's charge but not in the form and manner set forth in the appellant's assignment of errors one and two.

Accordingly, the court reverses on the ground the trial court gave two erroneous charges and therefore should have granted the appellant's motion for a new trial.

*Judgment reversed and cause remanded.*

HOFSTETTER, P. J., and JONES, J. concur.