BIBLE, Appellant,

v.

KERR, Appellee.

[Cite as *Bible v. Kerr* (1991), 81 Ohio App.3d 77.]

Court of Appeals of Ohio,
Summit County.

No. 14949.

Decided July 31, 1991.

*Richard E. McCune*, for appellant.
*David W. Hilkert*, for appellee.

Cacioppo, Judge.

    Appellant, Patricia Bible, appeals from the trial court's denial of her motion for a new trial. We reverse and remand.

## Assignment of Error

"The trial court abused its discretion by failing to grant appellant's motion for a new trial."

In its order denying a new trial, the trial court stated:

"The Court finds that the damages awarded by the jury in this case were inadequate and appear to have been given under the influence of passion or prejudice against the Plaintiff. Further, the judgment herein is not sustained by the weight of the evidence.

"The $2,021.25 jury verdict rendered in this case is inadequate as a matter of law and inconsistent with the uncontroverted evidence.

"Nevertheless, based upon past experience, the Court feels that the granting of a new trial would be futile under the facts of this case and therefore, the motion is denied."

Civ.R. 59(A) provides in part:

"A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

"* * *

"(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

" * * *

"(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

"(7) The judgment is contrary to law[.]"

■ Thus, a review of the court's journal entry and Civ.R. 59(A) reveals an apparent inconsistency in the reasoning of the trial court. Granting a motion for new trial rests in the sound discretion of the court and will not be disturbed upon review absent an abuse of discretion. *Verbon v. Pennese* (1982), 7 Ohio App.3d 182, 184, 7 OBR 229, 231, 454 N.E.2d 976, 979–980.

Based upon the language implemented by the trial court and its explicit finding that the factors listed in Civ.R. 59(A)(4), (6) and (7) were present, we believe that the trial court's denial of the motion was an abuse of discretion, requiring reversal and a remand to the trial court.

As the assignment of error has merit, the judgment of the trial court is hereby reversed and the cause is remanded to the trial court for an order granting the appellant a new trial.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., concurs.

REECE, J., dissents.

REECE, Judge, dissenting.

Because the record supports the jury verdict and because the trial court's almost flippant dicta does not comport with the facts as found by the jury, but appears to be a personal opinion, I would affirm the actual ruling below.