**BIBLE, Appellee,**

v.

**KERR, Appellant.**

[Cite as *Bible v. Kerr* (1992), 81 Ohio App.3d 225.]

Court of Appeals of Ohio,
Summit County.

No. 15336.

Decided Jan. 2, 1992.

*Richard McCune,* for appellee.
*David W. Hilkert,* for appellant.

CACIOPPO, Judge.

The matter herein arises out of our reversal of the trial court's denial of a motion for a new trial and the trial court's subsequent following of our mandate by ordering a new trial. Our previous holding was based upon an internal inconsistency in the court's journal entry wherein the court found "that the damages awarded by the jury in this case were inadequate and appear to have been given under the influence of passion or prejudice" and

that the judgment was "not sustained by the weight of the evidence," yet denied the motion for a new trial. *Bible v. Kerr* (1991), 81 Ohio App.3d 77, 610 N.E.2d 472.

Following our decision, the present appellant, Robert J. Kerr, Jr., appealed to the Supreme Court of Ohio. Kerr subsequently withdrew the appeal. Following this dismissal, the trial court ordered a new trial.

### Assignments of Error

"I. The trial court erred and abused its discretion in ordering a new trial because it failed to made [*sic*] the necessary factual findings as required by Civil Rule 59.

"II. A presumption of validity attaches to a jury verdict and in the absence of any facts establishing prejudicial error, a trial court errs and abuses its discretion in granting a new trial."

The appeal at bar presents this court with a unique situation wherein this court is requested essentially to reverse its previous holding.

It is well recognized that the granting of a motion for a new trial rests in the sound discretion of the trial court and will not be disturbed upon review absent an abuse of discretion. *Verbon v. Pennese* (1982), 7 Ohio App.3d 182, 184, 7 OBR 229, 231, 454 N.E.2d 976, 979. The unique situation at bar, wherein this court stated that "the case is hereby reversed and remanded to the trial court for an order granting the appellant [Bible] a new trial," removed the exercise of discretion from the trial court. The ruling of this court left the trial court with no other option than to grant the new trial as mandated by this court. In the absence of any discretion, this court cannot contemplate how the court could have abused its discretion in this regard.

While this court is certainly aware of, and sympathetic to, the frustration felt by the appellant, the court believes that the proper instrument through which to vent this frustration would have been through an appeal to the Supreme Court of Ohio from this court's previous decision. The appellant voluntarily withdrew this appeal. Thus, the only option available to the appellant at this point is to proceed with a new trial, as previously ordered by this court.

The assignments of error are not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., concurs.

COOK, J., concurs in judgment only.