OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas which denied appellant Helen Quillen's motion for judgment notwithstanding the verdict and/or a new trial, following the return of a jury verdict in favor of appellee, Douglas Palmer. For the reasons stated herein, we affirm the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "1. THE JURY VERDICT WAS NOT SUSTAINED BY THE WEIGHT OF THE EVIDENCE AND WAS CONTRARY TO LAW AND THE DENIAL OF THE MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT WAS ERROR. JUDGMENT ENTRY, ATTACHED HERETO IN APPENDIX AT A-21 TAB B, AND A-20 TAB A.
 "2. THE TRIAL COURT ERRED TO THE PREJUDICE OF HELEN QUILLEN IN DENYING QUILLEN'S MOTION FOR A NEW TRIAL. ID."
The following facts are relevant to this appeal. Appellant filed her complaint on August 8, 1994, in which she alleged that on August 9, 1992, while appellant was turning left into a private drive, she was struck by appellee, Douglas Palmer, who was attempting to pass appellant by going left of center. Appellant claimed permanent injuries as a result of the accident, as well as economic loss. A trial on the matter commenced on October 16, 1997, and concluded on October 22, 1997.
On October 22, 1997, the jury returned a verdict in favor of appellee. The jury found that appellant's negligence was the sole and proximate cause of the accident. On November 21, 1997, appellant filed a motion for judgment notwithstanding the verdict and/or a new trial. Appellee filed a reply in opposition on December 5, 1997. On January 7, 1999, the trial court denied the motion. A notice of appeal was filed with this court on February 5, 1999.
In appellant's first assignment of error, she argues that the jury verdict was not supported by the weight of the evidence and, thus, the trial court erred in denying appellant's motion for judgment notwithstanding the verdict.
The standard to be applied in considering a motion for a directed verdict is the same standard to be applied in considering a motion for judgment notwithstanding the verdict. See Gladon v.Greater Cleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312,318-319, citing, Posin v. A.B.C. Motor Court Hotel (1976),45 Ohio St.2d 271, 275.
Civ.R. 50(A)(4) provides:
 "* * * When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
In Strother v. Hutchinson (1981), 67 Ohio St.2d 282,284-285, the Ohio Supreme Court observed:
 "The law in Ohio regarding directed verdicts is well formulated. In addition to Civ. R. 50(A), it is well established that the court must neither consider the weight of the evidence nor the credibility of the witnesses in disposing of a directed verdict motion. [Citation omitted.] Thus, `if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied. Kellerman v. J.S. Durig Co. (1964), 176 Ohio St. 320, 199 N.E.2d 562 * * *.' Hawkins v. Ivy (1977), 50 Ohio St.2d 114, 115, 363 N.E.2d 367."
See, also, Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116,119-120; Texler v. D.O. Summers Cleaners (1998) 81 Ohio St.3d 677,679-680.
The Ohio Revised Code sections at issue in this case include: R.C. 4511.27(A), which requires that a vehicle passing to the left signal to the vehicle to be overtaken; R.C. 4511.31, which discusses motorist safety in hazardous zones; and R.C.4511.39, which states that a motorist must continuously signal the intention to turn one hundred feet before turning.
Appellee testified that he was traveling east on Strecker Road when he approached a slow moving vehicle in his lane of travel. He signaled with his left turn indicator and began to pass the vehicle prior to the no passing zone. He was proceeding at about twenty-five to forty m.p.h. Appellee stated that appellant's left turn indicator was activated when he was approximately fifteen to twenty feet from her vehicle and that appellant signaled and turned in one motion. Appellee honked his horn and attempted evasive action but was unsuccessful.
Appellant testified that she was driving east on Strecker Road when she drove past property for sale. She continued up the road and turned around to return to the property for a closer look. She stated that as she neared the driveway she was traveling approximately ten to fifteen m.p.h. and did not know when she activated her turn indicator.
Appellant testified that prior to the accident she had been going to a physical therapist for back problems and that the pain had just begun to subside. After the accident she stated that the pain was greater and in a different area than before.
Upon careful review of the record, and construing the evidence in a light most favorable to appellee, we find that reasonable minds could reach different conclusions on whether appellant proved the essential issue of causation. Accordingly, the trial court did not err when it denied appellant's motion for judgment notwithstanding the verdict. Appellant's first assignment of error is not well-taken.
In her second assignment of error, appellant argues that the trial court erred in failing to grant a new trial because the judgment was contrary to law and against the manifest weight of the evidence, and the jury's apportionment of damages was tainted by an improper jury instruction.
Civ.R. 59(A) provides for the granting of a new trial under various grounds. The rule provides, in part:
"(A) Grounds.
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
"* * *
 "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice.
"* * *
 "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
"(7) The judgment is contrary to law;
"* * *
 "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."
It is well settled that "the granting of a motion for a new trial rests in the sound discretion of the trial court and will not be disturbed upon review absent an abuse of discretion."Bible v. Kerr (1992), 81 Ohio App.3d 225, 226.
Appellant makes several arguments relating to a jury instruction given addressing safety in hazardous zones. R.C.4511.31.[1] The instruction given reads:
 "Every driver of a vehicle when overtaking and passing other traffic or driving to the left of the center line must obey any sign or marking when placed and clearly visible on the highway. A violation of this law is negligence.
 "This duty does not apply when no traffic is approaching from the opposite direction and the driver in order to overtake and pass another vehicle crosses the center line before a solid yellow line begins and continues on the left of the center line until he can return to the right side of the roadway with reasonable safety to the vehicle being overtaken."
This instruction mirrors 2 Ohio Jury Instructions (1996) 48, Section 225.31 and State v. Shackleford (1955), 100 Ohio App. 487.
In Shackleford, a motorist began passing a truck while in the passing zone. After entering the hazardous zone he was alongside the truck and was unable to return left of center until after he completed the pass.
Appellant asserts that the trial court misstated the law by instructing the jury that so long as appellee began his pass prior to the hazardous zone, he was not in violation of R.C.4511.31, notwithstanding the surrounding facts. In support of her argument, appellant relies on Mann v. Lewis (1970), 22 Ohio St.2d 191, where the Ohio Supreme Court held that a motorist violates R.C. 4511.30, when he is left of center within one hundred feet of an intersection, regardless of when he began his pass. The Mann
court found that the purpose of the statute was to eliminate the risk of a motorist being left of center while nearing an obvious hazard. Id. at 194-195. Upon review of Mann, we find that it does not control the case before us. Most importantly, Mann
interprets R.C. 4511.30(C), driving left of center within one hundred feet of an intersection, not R.C. 4511.31 which is presently at issue. It can certainly be said that there is great danger associated with driving through an intersection left of center, that same danger is not apparent here.
Appellant argues, alternatively, that appellee was negligent per se because he failed to return to the right lane prior to passing appellant and after he entered the hazardous zone. Appellant contends that, unlike Shackleford, supra, appellee was still several feet away from appellant's car when he entered the hazardous zone and, therefore, had the opportunity (and duty) to return to the right lane without passing.
Upon review of the relevant statutes and "Shackleford
exception" we find no such duty. The statutes relating to passing left of center are devoid of language requiring a vehicle to return to the right lane upon entering a hazardous zone; likewise, we have found no such case law. Certainly, as the trial court instructed, both appellee and appellant had a right to assume that other motorists would obey all traffic laws. They further had a duty to use reasonable care to ensure their safety and the safety of others. Whether either or both parties breached that duty was the issue before the jury.
Upon consideration of the relevant statutes, applicable law and the record in this case, this court finds that there was sufficient evidence to support the verdict and, therefore, the trial court did not err in denying appellant's motion for a new trial.
Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., James R. Sherck, J., MarkL. Pietrykowski, J., concur.
[1] R.C. 4511.31 states:
 "The department of transportation may determine those portions of any state highway where overtaking and passing other traffic or driving to the left of the center or center line of the roadway would be especially hazardous, and may, by appropriate signs or markings on the highway indicate the beginning and end of such zones. When such signs or markings are in place and clearly visible, every operator of a vehicle or trackless trolley shall obey the directions thereof, notwithstanding the distances set out in section 4511.30 of the Revised Code."