DECISION AND JUDGMENT ENTRY
This is an appeal from an Adams County Common Pleas Court judgment, after a bench trial, in favor of Dennis Patton, plaintiff below and appellee herein, on his claims against his mother, Nancy Patton, defendant below and appellant herein. The following error is assigned for our review:
 "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION FOR A NEW TRIAL AND WHEN IT RENDERED A JUDGMENT IN FAVOR OF THE PLAINTIFF DESPITE TESTIMONY FROM THE PLAINTIFF HIMSELF THAT THERE NEVER WAS AN UNDERLYING AGREEMENT FOR HIM TO BE PAID FOR THE WORK HE PERFORMED[.]"[1]
A brief review of the facts pertinent to this appeal is as follows. Appellee is a self-employed contractor who, during the spring and summer of 1999, performed various construction jobs for appellant (his mother), on rental properties she owned in the Manchester, Ohio. Appellant did not pay her son for the work that he performed and so, in October of 1999, he filed affidavits of mechanic's liens against both properties.
Appellee commenced the instant action on January 12, 2000. He sought monies allegedly due him for the construction work as well as the foreclosure of his mechanic's liens. Appellant denied any liability and counterclaimed for slander of title as a result of appellee filing the affidavits of mechanic's liens against appellant's properties. Appellee in turn filed a denial of all liability as to appellant's counterclaim.
The matter came on for a bench trial on November 17, 2000. Appellee testified that he and his mother did not have a written contract, but it was agreed that he would (1) tar, chip and resurface a road leading to real property located at 1384 Brown Hill Road, and (2) perform various clean up and remodeling work to another residence appellant owned at 309 Cemetery Street. Appellee's invoice for labor and materials totaled $16,999.50 and $10,177.20, respectively. Appellee testified that with respect to the property on Cemetery Street, the parties agreed that he would be compensated for his work by leasing the residence and keeping the rental payments. However, appellant allegedly ran off the tenant to whom appellee had leased the property.
Appellee then presented appellant with an invoice for services he rendered to both properties. Those invoices, appellee concluded, were not paid and thus resulted in the commencement of this action.
Appellant gave a very different account of the transactions with her son. She testified that they did not have any agreement to do work on these properties. In fact, she claimed that she was unaware that any work was being done until after it was completed and the mechanic's liens were filed. Appellant did admit, however, that she told her son he could lease out the Cemetery Street property if he got it "fixed up."
On February 16, 2001, the trial court rendered judgment in favor of appellee in the total amount of $27,176.70 and ordered the foreclosure of his mechanic's liens. The court also found no merit in appellant's counterclaim and ordered it dismissed. Appellant filed a motion for new trial and argued that the judgment was contrary to both the law and the evidence. Specifically, she asserted that the evidence adduced at trial shows that no agreement existed for her son to perform road work at the Brown Hill Road property. Appellant further asserted that with respect to the Cemetery Street property, the agreement provided for her son to recoup his expenses by retaining rental payments rather than getting paid for his services. Apparently, the court was unswayed by these arguments and, on March 19, 2001, overruled her motion. This appeal followed.
Appellant makes two separate and distinct arguments in her assignment of error. First, she argues that the trial court "abused its discretion" in rendering its judgment. We disagree with appellant.
To begin, we believe that the appellant cites an incorrect standard of review. The trial court's judgment necessarily turned on certain factual findings that it made in appellee's favor. Generally, we do not review those factual findings under an abuse of discretion standard but, instead, look to see if those facts and the resulting judgment are both supported by the weight of the evidence. Appellate courts will not reverse judgments as being against the weight of the evidence when those judgments are supported by some competent and credible evidence. Seee.g. Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018,1022; Vogel v. Wells (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154, 159;C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, at the syllabus. That said, in the case sub judice we find ample evidence in the record to support the trial court's judgment.
Appellant's argument is based on her assertion that no "agreement" existed between she and her son for the construction work on her properties. Thus, she argues, she cannot be held liable for payment. We are not persuaded.
We readily acknowledge that uncontroverted evidence revealed that no written agreement existed. However, we find ample evidence in the record to support the conclusion that an oral contract existed.
Appellant testified that his mother told him to "go ahead" with the work on the Brown Hill Road property. He also related how they had an "agreement" as to the work he was to perform at the Cemetery Street House. Appellee countered her son's testimony and claimed that no contract existed and that she did not know that he was performing the work until after it was completed.
Obviously, the parties argued two different versions of the facts. The trial court found appellee's version to be the more credible. This was well within the trial court's province. The weight of the evidence and the credibility of witness are issues that a trial court, as trier of fact, must determine. See Cole v. Complete Auto Transit, Inc. (1997),119 Ohio App.3d 771, 777-778, 696 N.E.2d 289, 293. As such, a trier of fact is free to believe all, part or none of the testimony of each witness appearing before it. See Rogers v. Hill (1998),124 Ohio App.3d 468, 470, 706 N.E.2d 438, 439; Thornton v. Parker
(1995), 100 Ohio App.3d 743, 751, 654 N.E.2d 1282, 1287; Stewart v.B.F. Goodrich Co. (1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591, 596. We are keenly aware that the trial court is in a much better position to view the witnesses and observe their demeanor, gestures and voice inflections and use those observations when weighing the credibility of the testimony. See Myers v. Garson (1993), 66 Ohio St.3d 610, 615,614 N.E.2d 742, 745; Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276. In the instant case, the trial court obviously found appellant's testimony more credible and determined that appellee and his mother had an oral agreement for the work performed. We find no error with that finding.
Appellant further argues, as she did in her new trial motion, that the Cemetery Street property agreement required appellee to receive rental payments from tenants in lieu of payment from her for the work performed. Thus, appellant contends, no contract existed sufficient to support both a judgment and the mechanic's lien. We are not persuaded. The evidence adduced below revealed that appellant and appellee had an agreement for appellee to clean up and to remodel this property. Further, appellant and his mother had a separate agreement whereby she agreed to pay him for this work through rental payments made by tenants leasing the property. We view this, much like the trial court apparently did, as a separate ancillary arrangement which ensured payment but in no way alleviated appellant from her primary obligation to pay for the work performed pursuant to the oral construction contract. For all these reasons, we find no error in the trial court's judgment.
Appellant also avers in her assignment of error that the trial court erred by overruling her motion for new trial. We note at the outset that appellant's brief does not contain a separate argument as to this point. App.R. 16(A) requires a separate argument for each assignment of error posited in a brief. An appellate court may, pursuant to App.R. 12(A)(2), disregard any assignment of error, or any portion of an assignment of error, for which an appellant fails to make a separate argument. See Parkv. Ambrose (1993), 85 Ohio App.3d 179, 186, 619 N.E.2d 469, 474; Statev. Caldwell (1992), 79 Ohio App.3d 667, 677, 607 N.E.2d 1096, 1103, at fn. 3; State v. Houseman (1990), 70 Ohio App.3d 499, 507, 591 N.E.2d 405,410. Thus, we may simply ignore this particular argument and affirm the judgment. However, assuming that appellants properly revised this assignment of error, we would still find no merit to appellant's argument.
Appellant argued below that she was entitled to a new trial because (1) the judgment was contrary to law, and (2) that errors occurred at trial.See Civ.R. 59(A)(7)(9). After our review of the record, however, we find no such error(s). Further, as we earlier stated, we find the trial court's judgment is supported by ample competent, credible evidence.
The decision to grant or to deny a motion for new trial is typically relegated to the sound discretion of a trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. See e.g.Reed v. MTD Products, Inc., Midwest Industries (1996), 111 Ohio App.3d 451,460-461, 676 N.E.2d 576, 582-583; Iames v. Murphy (1995),106 Ohio App.3d 627, 631, 666 N.E.2d 1147, 1149; James v. James (1995),101 Ohio App.3d 668, 674, 656 N.E.2d 399, 403; Bible v. Kerr (1992),81 Ohio App.3d 225, 226, 610 N.E.2d 1037, 1038. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. See _Landis v.Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140,1142; Malone v. Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440,448, 659 N.E.2d 1242, 1249; State ex rel. Solomon v. Police Firemen'sDisability Pension Fund Bd. of Trustees (1995), 72 Ohio St.3d 62, 64,647 N.E.2d 486, 488. Appellate courts are admonished that when they apply the abuse of discretion standard, they must not substitute their own judgment for that of the trial court. See State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254,1258; In re Jane Doe 1 (1991). 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181,1184; Berk v. Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301,1308. Indeed, in order to establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, and not the exercise of reason but instead passion or bias. See Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1, 3.
Our review of the record reveals that the trial court did not abuse its discretion by denying appellant's motion for a new trial. In view of the evidence presented at trial, we find that the trial court's decision is not unreasonable, arbitrary or unconscionable.
For all these reasons, we overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment Opinion.
[1] We note that this assignment of error, which is taken from appellant's "statement of the assignments of error," is worded somewhat differently than the assignment of error set out in the body of her argument.